**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CRISTHIAN IVAN SANTOS DIAZ and
EDGAR OMAR ALVARADO MALDONADO,

Petitioners,

v. CIVIL ACTION NO. 3:26-0671

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioners **Cristhian Ivan Santos Diaz** and **Edgar Omar Alvarado Maldonado**. ECF No. 1. For the reasons discussed below, the Petition is **GRANTED**.

Petitioners challenge their current civil immigration detention without an individualized custody determination and request immediate release. Pet. ¶¶ 2–3, 17–20. Petitioners were arrested the morning of October 19, 2026, within the interior of the United States, in or around Cross Lanes, West Virginia, following a traffic stop on I-64 at or near exit 45. Resp. at 7-8, ECF No. 9.

Petitioners were then transported to the ICE processing facility in Poca, West Virginia. *Id.* at 8. This Petition was filed and entered around 12:29 PM on the same day. *See* Pet. Petitioners were then transported to the Western District of Pennsylvania and were detained at Moshannon Valley Processing Center as of October 21, 2026. Resp. at 8. Petitioner **Cristhian Ivan Santos Diaz** was then transported to Louisiana on October 22, 2026, despite the Court's stay of transfer order. Request, ECF No. 15.

Respondents acknowledge the Court's prior decision in *Centeno Pastrana v. Venturella*, No. CV 3:26-0486, 2026 WL 2283605 (S.D.W. Va. Aug. 7, 2026). Resp. at 2. Respondents initially distinguish the instant matter from *Centeno Pastrana* by alleging that Petitioners each received a custody determination, citing to I-286 Forms in the record. *Id.* However, Petitioners argue that any alleged custody determination is immaterial as to whether immediate detention is justified under 8 U.S.C. § 1231. Reply at 2, ECF No. 14. Respondents appear to agree, as they nevertheless "acknowledge[] that [*Centento Pastrana*] may be applicable here if the Court adheres to that decision" and "believe this matter can be decided without a hearing." Resp. at 2. Petitioners likewise waive a hearing, to the extent the Court grants their requested relief. Notice, ECF No. 12.

Regardless, the Court finds insufficient evidence of any custody determination to distinguish the instant matter from *Centeno Pastrana*. The I-286 Forms that Respondents produced are not signed or otherwise acknowledged by Petitioners. *See* Ex. 1 at 7, ECF No. 9-1; Ex. 2 at 6, ECF No. 9-2. Respondents have failed to produce any other evidence that any individualized custody determination took place. As such, this Court's opinion in *Centento Pastrana*, 2026 WL 2283605, is adopted and forms the basis for this brief opinion. The Court's analysis of the Immigration and Nationality Act and entitlement to due process within it has not changed.

For the previously stated reasons, the Petition, ECF No. 1, is **GRANTED**, and Respondents' Motion to Dismiss, ECF No. 9, is **DENIED**.

Respondents are **ORDERED** to **IMMEDIATELY TRANSPORT** Petitioners **Cristhian Ivan Santos Diaz** and **Edgar Omar Alvarado Maldonado** back to the Southern District of West Virginia. Respondents are **ORDERED** to **PROMPTLY RELEASE** Petitioners **Cristhian Ivan Santos Diaz** and **Edgar Omar Alvarado Maldonado** in the Southern District of West Virginia, **NO LATER THAN TOMORROW, October 24, 2026, at 12:00 PM**, subject to an appropriate order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioners' detention, including legal documents, to Petitioners at the time of their release.

To that end, Petitioners will be returned to the Poca ICE facility and interviewed as necessary for the determination of their conditions of supervision. Petitioners will be permitted to consult with counsel during such interviews. *See* 8 C.F.R. § 241.4(d)(3). Respondents are **DIRECTED** to provide reasonable notice of **AT LEAST THREE HOURS** to Petitioners' counsel of the anticipated time of each Petitioner's release. If reasonable objections to certain conditions of release persist after attempted resolution between parties, such conditions shall not be imposed, and the matter shall be immediately brought to the Court's attention for resolution.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 23, 2026



ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE